IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES G. BAKER, as Chapter 7 Trustee for the Bankruptcy Estate of Bonnie Lee Keene, | ) ) ) ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) ) | _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| RESURGENS RISK MANAGEMENT, INC., WILLIE H. BURKS, and WAYNE YINGLING, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW JAMES G. BAKER, as CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF BONNIE LEE KEENE, and files this Complaint for Damages against Defendants RESURGENS RISK MANAGEMENT, INC., WILLIE H. BURKS, and WAYNE YINGLING (collectively "Defendants"), showing this honorable Court as follows:

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over this matter as it asserts claims for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

2.

Venue is proper in this Court as Defendant Resurgens resides in this judicial district.

**PARTIES**

3.

Plaintiff JAMES G. BAKER is the duly appointed Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate of BONNIE LEE KEENE (the "Estate."). Bonnie Lee (n/k/a Bonnie Lee Duke) was formerly employed by Defendants as a full-time, non-exempt Insurance account representative from April 2008 until August 23, 2011.

4.

Defendant RESURGENS RISK MANAGEMENT, INC. is a Georgia corporation doing business in this judicial district and division. This Defendant may be served with process by and through its registered agent: Willie H. Burks, 1201 Peachtree Street, NE, Suite 1730, Atlanta, Fulton County, Georgia 30361. This Court has personal jurisdiction over this Defendant.

5.

Defendant WILLIE H. BURKS is an individual who resides in this judicial district and may be personally served with process at 1201 Peachtree Street, NE, Suite

1730, Atlanta, Fulton County, Georgia 30361. This Court has personal jurisdiction over this Defendant.

6.

Defendant WAYNE YINGLING is an individual who resides in this judicial district and may be personally served with process at 1201 Peachtree Street, NE, Suite 1730, Atlanta, Fulton County, Georgia 30361. This Court has personal jurisdiction over this Defendant.

7.

Defendants are each an "employer" as that term is defined by 29 U.S.C. § 203(d).

8.

For each of the last three (3) calendar years, Defendant Resurgens has had gross operating revenues in excess of $500,000.

9.

Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

10.

At all relevant times during her employment with Defendants, Ms. Keene was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

11.

At all relevant times during her employment with Defendants, Ms. Keene was a non-exempt, hourly employee who worked for Resurgens selling insurance products and services to its clientele.

12.

Ms. Keene is licensed by the State of Georgia to sell insurance, and sold a variety of insurance product lines for Resurgens, including health, life, casualty and property insurance policies.

13.

Rather than paying Ms. Keene for each hour she actually worked for Resurgens, Defendants only paid Ms. Keene for working a 40-hour workweek, irrespective of the number of hours she actually worked in a given workweek.  This resulted in Ms. Keene regularly being underpaid for workweeks in which she worked in excess of 40 hours.

14.

Resurgens purports to track the hours its Insurance account representatives, like Ms. Keene, work by requiring her to punch a time clock when she begins and ends her work day.

15.

However, Defendants artificially manipulate their time clock such that regardless of when Ms. Keene actually "clocked-in" and "clocked-out," Defendants only paid for eight (8) hours per day, five (5) days per week, to ensure Ms. Keen was not paid overtime wages for overtime hours she actually worked.

16.

Ms. Keene regularly suffered or was permitted by Defendants to work more than 40 hours in a given workweek, but was not paid for more than 40 hours in a given workweek.

17.

The work activities performed by Ms. Keene on behalf of Defendants are principal activities or are incidental and/or integral to the Insurance account representative's principal activities for which she was not compensated.

18.

At all relevant times during her employment with Defendants, Defendants knew,

or reasonably should have known that Ms. Keene was working "off the clock" for hours worked over 40 in a workweek, however, Defendants consistently refused to pay Ms. Keene for such time.

19.

The "off the clock" overtime work performed by Ms. Keene is substantial and was, at all relevant times, performed for the benefit of Defendants, necessary to the business of Defendants, and was conducted in the normal course of Defendants' business.

20.

At all relevant times, Defendants were aware of their responsibility to accurately track hours worked by its Insurance account representatives, including Ms. Keene, along with its legal obligation to pay her for all hours worked, including overtime hours, but failed to do so, and instead paid Ms. Keene only for 40 hours per workweek, rather than the actual number of hours she worked in a given workweek.

21.

At all relevant times, Defendants knew that the FLSA applied to Ms. Keene as a non-exempt, hourly employee, and that they had a statutory duty to pay her overtime wages for all hours she worked over 40 in a given workweek.

22.

The above-described conduct constitutes a willful violation of the FLSA entitling Ms. Keene to a three (3) year statute of limitation and an award of liquidated damages.

23.

Defendants' conscious disregard of the FLSA's overtime provisions constitutes a willful violation the FLSA, entitling Plaintiff to all relief afforded under the FLSA, including a three (3) year statute of limitations and an award of liquidated damages on all unpaid overtime wages.

24.

The above-described violation(s) gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three (3) years immediately preceding the filing of Plaintiff's Complaint, liquidated damages in an amount equal to the unpaid compensation, prejudgment interest and reasonable attorneys' fees and expenses of litigation pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff prays as follows:

a. that the Court award Plaintiff all Ms. Keene's unpaid compensation including without limitation, all unpaid overtime wages;

b. that the Court award Plaintiff liquidated damages for Defendant's willful

violation of the FLSA;

    c.    that the Court award Plaintiff his reasonable attorney's fees, expert witness fees, and costs of litigation; and

    e.    all other relief this Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL JURY ISSUES**

    Respectfully submitted,

    /s/ Dean R. Fuchs
    Dean R. Fuchs
    drf@swtlaw.com
    Georgia Bar No. 279170
    Counsel for Plaintiff

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-6840 facsimile