## SETTLEMENT AGREEMENT AND GENERAL RELEASE

(1) James G. Baker ("Baker"), (2) Bonnie Lee Keene and her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), and (3) Resurgens Risk Management, Inc. ("Resurgens"), Willie Burks, and Ronald McAdams (collectively "Defendants") agree that:

1. **Last Day of Employment.** Employee's last day of employment with Resurgens was on or about August 23, 2011.

2. **Consideration.** In consideration for this Settlement Agreement and General Release and compliance with its terms:

   a. Defendants agree to pay a total of Thirty Nine Thousand Five Hundred Dollars and No Cents ($39,500.00) within ten (10) business days of the later of: (1) the date the United States District Court for the Northern District of Georgia approves the terms of this Agreement in Baker v. Resurgens Risk Management, Inc., et al., Case No. 1:12-CV-02555-RWS (N.D. Ga.); or (2) the date the United States Bankruptcy Court for the Northern District of Georgia approves the terms of this Agreement in In re Bonnie Lee Keene, Case No. 11-11385-WHD (Bankr. N.D. Ga.).

   b. Subject to approval by both the United States District Court for the Northern District of Georgia and the United States Bankruptcy Court for the Northern District of Georgia, the amount set forth in Paragraph 2(a) above will be apportioned as follows:

   (1) Of the amount stated in Paragraph 2(a) above, Twenty-four Thousand Five Hundred Ninety-nine Dollars and 42/100 ($24,599.42) will be allocated to back wages and liquidated damages and made payable as follows:

   (a) Of the amount stated in Paragraph 2(b)(1) above, Resurgens will issue one check representing back wages in the total gross amount of $12,299.71, less withholdings of applicable FICA and Medicare taxes only. Ms. Keene's Bankruptcy Estate, and not Defendants, will be solely responsible for the payment of all other federal and state taxes on this amount. Resurgens will issue a W-2 to the Estate for this wage portion of the payment.

   (b) Of the amount stated in Paragraph 2(b)(1) above, Resurgens will issue a second check representing liquidated damages and other consideration in the total gross amount of $12,299.71. No withholding or tax deductions will occur with regard to this payment; Resurgens will issue an IRS Form 1099 to the Estate for this non-wages portion of the payment.

1 of 6

(2) Of the amount stated in Paragraph 2(a) above, Fourteen Thousand Nine Hundred Dollars and 58 Cents ($14,900.58), will be allocated to attorneys' fees and costs. Resurgens will issue a third check in this total gross amount; there will be no taxes or other withholdings from this payment. Resurgens will issue an IRS Form 1099 for this payment.

c. All checks specified above will be issued by Resurgens and made payable to Bankruptcy Estate of Bonnie Lee Keene pursuant to the terms stated in hereinabove. Counsel for Resurgens will deliver all checks to Plaintiff's counsel of record, Dean R. Fuchs, Esquire, of the law firm Schulten Ward & Turner, LLP, 260 Peachtree Street, N.W., Suite 2700, Atlanta, GA 30303 who, in turn, will ensure delivery to Plaintiff Baker. The parties agree understand and agree that Baker will be responsible for distributing the allocated payments to and amongst Plaintiff's counsel, Employee (as applicable), and Employee's creditors in accordance with the requirements in In re Bonnie Lee Keene, Case No. 11-11385-WHD (Bankr. N.D. Ga) and, that distribution of the settlement funds by Baker are wholly independent of any action required by Defendants under this Agreement.

d. The Parties agree that any change in the foregoing allocation or amounts ordered by the United States District Court for the Northern District of Georgia or the United States Bankruptcy Court for the Northern District of Georgia shall not impact the enforceability of this Agreement so long as Defendants are required to pay no more or no less than a total of Thirty Nine Thousand Five Hundred Dollars and No Cents ($39,500.00).

e. Baker and Employee agree to take all action necessary to seek approval of the terms of this settlement by the United States District Court for the Northern District of Georgia and the United States Bankruptcy Court for the Northern District of Georgia, and agree to take all action necessary to have the claims in Baker v. Resurgens Risk Management, Inc., et al., Case No. 1:12-CV-02555-RWS (N.D. Ga.) withdrawn and dismissed with prejudice.

3. **No Consideration Absent Execution of this Settlement Agreement.** Baker and Employee understand and agree that they would not receive the monies and/or benefits specified in section "2" above, except for Baker and Employee's execution of this Settlement Agreement and General Release and the fulfillment of the promises contained herein.

4. **General Release of All Claims.** Baker and Employee knowingly and voluntarily releases and forever discharges Burks, Mc Adams, their respective heirs, estates, executors, trustees, or assigns, and Resurgens, its privy, current and former parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and its employee benefit plans and programs and its administrators and fiduciaries (collectively referred to throughout the remainder of this Settlement Agreement as

"Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Employee, or Baker on behalf of Employee's Bankruptcy Estate, has or may have against Releasees as of the date of execution of this Settlement Agreement and General Release, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Equal Pay Act;

- The Fair Labor Standards Act;

- Georgia AIDS Confidentiality Act – O.C.G.A. §24-9-47;

- Georgia Equal Pay Act (Sex Discrimination in Employment) – O.C.G.A. §34-5-1 et seq.;

- Georgia Age Discrimination in Employment Act – O.C.G.A. § 34-1-2;

- Georgia Equal Employment for Persons with Disabilities Code – O.C.G.A. §34-6A-1 et seq.;

- Georgia Wage Payment and Work Hour Laws;

- City of Atlanta Anti-Discrimination Ordinance, Part II, Chapter 94, Article 11, Section 94-10 et seq.;

- any other federal, state or local law, rule, regulation, or ordinance;

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasee identified in this Settlement Agreement is a party.

5. **Acknowledgments and Affirmations.** Employee affirms that Employee has not filed, caused to be filed, or presently is a party, related to or affiliated with any claim against Resurgens, except the claims in Baker v. Resurgens Risk Management, Inc., et al., Case No. 1:12-CV-02555-RWS (N.D. Ga.).

Employee also affirms that all hours purportedly worked have been reported as of the date Employee signs this release and has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits to which Employee may be entitled. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Resurgens and will continue to maintain the confidentiality of such information consistent with Resurgens' policies, Employee's agreement(s) with Resurgens, and/or common law.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by Resurgens or its officers, including any allegations of corporate fraud. The Parties acknowledge that this Settlement Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

Employee shall not apply in the future for employment with Resurgens because of, among other things, irreconcilable differences.

6. **Confidentiality and Return of Property.** Baker and Employee agree not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Settlement Agreement and General Release, except to their spouse, tax advisor, and/or an attorney with whom they choose to consult regarding their consideration of this Settlement Agreement and General Release. This shall not prohibit

Baker and Employee from disclosing the information expressly set forth in this Settlement Agreement and General Release to the United States District Court for the Northern District of Georgia or the United States Bankruptcy Court for the Northern District of Georgia in connection with seeking approval of this settlement or dismissal of the claims against Defendants.

Employee affirms that Employee has returned all of Resurgens' property, documents, and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at Resurgens' premises and that Resurgens is not in possession of any of Employee's property.

7. **Governing Law and Interpretation.** This Settlement Agreement and General Release shall be governed and conformed in accordance with the laws of Georgia. In the event of a breach of any provision of this Settlement Agreement and General Release, either party may institute an action specifically to enforce any term or terms of this Settlement Agreement and General Release and/or to seek any damages for breach. Should any provision of this Settlement Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Settlement Agreement and General Release in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Settlement Agreement and General Release nor the furnishing of the consideration for this Settlement Agreement and General Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind, all such liability or responsibility being expressly denied.

9. **Amendment.** This Settlement Agreement and General Release may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Settlement Agreement and General Release.

10. **Entire Agreement.** This Settlement Agreement and General Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Settlement Agreement and General Release, except for those set forth in this Settlement Agreement and General Release.

11. **Counterparts; Signature.** This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

BAKER AND EMPLOYEE ARE ADVISED THAT THEY HAVE A REASONABLE AMOUNT OF TIME TO CONSIDER THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE. BAKER AND EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Settlement Agreement and General Release as of the date(s) set forth below:

**Bonnie Lee Keene**

By: _/s/ Bonnie Lee Keene_     Date: 4/20/2013
Bonnie Lee Keene

**James G. Baker**

By: _____     Date: _____
James G. Baker

**Resurgens Risk Management Inc.**

By: _____     Date: _____
Vincent Harris

**Willie H. Burks**

By: _____     Date: _____
Willie H. Burks

**Ronald D. McAdams**

By: _____     Date: _____
Ronald D. McAdams

BAKER AND EMPLOYEE ARE ADVISED THAT THEY HAVE A REASONABLE AMOUNT OF TIME TO CONSIDER THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE. BAKER AND EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Settlement Agreement and General Release as of the date(s) set forth below:

**Bonnie Lee Keene**

By: _____     Date: _____
    Bonnie Lee Keene

**James G. Baker**

By: _/s/ James G. Baker_____     Date: April 10, 2013
    James G. Baker

**Resurgens Risk Management Inc.**

By: _/s/ Vincent Harris_____     Date: May 1, 2013
    Vincent Harris

**Willie H. Burks**

By: _/s/ Willie H. Burks_____     Date: 5-2-13
    Willie H. Burks

**Ronald D. McAdams**

By: _/s/ Ronald D. McAdams_____     Date: 5/2/13
    Ronald D. McAdams